**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-076-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **ROBERT KELLY PRIDE**,

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

Before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). (ECF No. 42.) For the reasons explained below, the Court denies the motion.

**I. BACKGROUND**

On August 25, 2016, Defendant Robert Kelly Pride ("Pride") pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 22–23.) On February 9, 2017, the Court sentenced him to 51 months' imprisonment and three years' supervised release following imprisonment. (ECF Nos. 36–37.) He is currently set to be released from custody in October of this year from FCI Victorville Medium I, where he is currently housed. (ECF No. 42-1 at 2.)

Pride filed the motion currently at issue on June 2, 2020. (ECF No. 42.) As a 6'2" tall man weighing 315 pounds, he states that he is a "severely obese African American male suffering from hypertension" and is "at higher risk for serious

complications" from COVID-19. (*Id.* at 2; ECF No. 45 at 2.) He is currently 37 years old. (ECF No. 42 at 2.)

Based on the risks from COVID-19, Pride asks the Court to reduce his sentence to time served to be followed by supervised release. (ECF No. 42 at 15.) The Court finds, for the reasons that follow, that such a reduction is not warranted in Pride's case.

## II. ANALYSIS

Pride invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it as been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (I) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable

---

[1] The Government does not contest that Pride asked the BOP to bring a motion on his behalf and received no response within thirty days. (*See* ECF No. 44 at 2.)

2

> policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

As this statutory language makes clear, the Court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" upon a showing of "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(I).  One Sentencing Commission policy statement that appears potentially relevant here is the following:

> [E]xtraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).  The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]."  *Id*. cmt. 1(D).  After careful consideration of the parties' submission, the Court finds that Pride does not fall

3

within either part of the policy statement.

Pride asserts that he suffers from obesity and hypertension (for which he takes medication), and therefore that he is at a high risk for developing a serious illness should he contract COVID-19.  (ECF No. 42 at 2.)  The Court will accept these risk factors as true for purposes of deciding this motion.

While Pride may be at a somewhat higher risk of serious complications from COVID-19 as compared to the general prison population, the Court does not believe that his particular condition and circumstances provide an extraordinary and compelling reason to justify freeing him from incarceration at this time.  Defendant is 37 years old, which puts him significantly below the high-risk age group (65 years or older) identified by the CDC.[2]  Moreover, Pride does not assert that COVID-19 is presently running rampant in his facility.  The BOP website shows that as of today, FCI Victorville Medium I has 56 inmates currently testing positive for the virus and 3 staff members testing positive for the virus.  See "COVID-19 Cases" (table), *at* https://www.bop.gov/coronavirus/ (last accessed July 14, 2020).

Finally, even if the Court found extraordinary circumstances in Pride's case, the Court would also need to find that the 18 U.S.C. § 3553(a) factors weigh in favor of his early release from custody.  *See* 18 U.S.C. § 3582(c)(1)(A).  They do not.  As explained at Pride's sentencing hearing, Pride has an extensive and serious criminal history, with seven felony convictions including robbery, attempted escape, possession of a weapon

---

[2] Centers for Disease Control and Prevention, *Older Adults*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated June 25, 2020).

by a previous offender, escape, and possession of controlled substances with the intent to distribute.  The offense underlying Pride's current conviction involved the possession of a stolen firearm which he had thrown from his vehicle during a dangerous encounter with police officers that were attempting to arrest him on two outstanding warrants.  In order to subdue him, a Denver Police officer needed to shoot Pride multiple times using non-lethal ammunition.  Based on the seriousness and recent vintage of Pride's criminal history, the Court is unable to find that the 18 U.S.C. § 3553(a) factors weigh in favor of Pride's early release from custody.

For all these reasons, compassionate release inappropriate in Pride's case.

### III. CONCLUSION

For the reasons set forth above, Pride's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (ECF No. 42) is DENIED.

Dated this 14th day of July, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge